Amber L. Schubert (No. 278696)
**SCHUBERT JONCKHEER & KOLBE LLP**
2001 Union Street, Suite 200
San Francisco, California 94123
Tel:     (415) 788-4220
Fax:     (415) 788-0161
aschubert@sjk.law

*Counsel for Plaintiff DeRay Mitchell*
*and his minor children*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERAY MITCHELL, individually and on behalf of his minor children J.M. and A.M., and on behalf of all others similarly situated, | No. |
| *Plaintiff*, | **CLASS ACTION COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| OMNI FAMILY HEALTH, | |
| *Defendant*. | |

Plaintiff DeRay Mitchell ("Plaintiff"), on behalf of himself, his minor children J.M. and A.M., and on behalf of all others similarly situated alleges the following complaint against Defendant Omni Family Health ("Omni" or "Defendant") upon personal knowledge as to his own acts, and based upon his investigation, his counsel's investigation, and information and belief as to all other matters.

**SUMMARY OF ACTION**

1.     This case involves a major data breach involving extremely private personally identifiable information ("PII") and protected health information ("PHI") for hundreds of thousands of patients. As a result of the data breach, patient data is now being sold on the dark web. and patients, including Plaintiff, have been directly harmed.

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220

2.　　On or before August 7, 2024, Omni was subject to a cyberattack on its corporate network. Omni apparently did not detect the breach within its systems itself, but instead only learned of the breach once they became "aware of claims that information was taken from our systems and posted on the dark web."[1] It only became aware that information was taken on its systems when a third party claimed it had stolen customer data. However, Omni did not begin notifying patients until at least October 10, 2024 more than 2 months later.

3.　　 Initial reports indicated the data breach impacted more than 468,000 individuals.[2]

4.　　The compromised information included extremely sensitive information that criminals could use to commit fraud and identity theft crimes.

5.　　Members of the plaintiff class suffered harm in the loss of their private medical and personal information and the extraordinary risk of sale of this data to criminals over the dark web. Even members of the class who have not yet been victims of identity theft and fraud suffer from significant stress and anxiety about the potential for future harm and have to expend significant time and effort to engage in various services and efforts in the wake of the data breach, including but not limited to examining whether and what PII or PHI has been sold on the dark web, taking measures to protect against identity theft crimes, expenses, and/or time spent on credit monitoring and identity theft insurance, time spent examining bank statements, time spent initiating fraud alerts, and other consequential harms.

6.　　Plaintiff, individually, on behalf of his minor children, and on behalf of a nationwide class, alleges claims of (1) Negligence, (2) Breach of Implied Contract, (3) Breach of Fiduciary Duty, and (4) Invasion of Privacy. Plaintiff also alleges claims on behalf of a California subclass under California law for (5) violation of California's Customer Records Act (Cal. Civ. Code §§ 1798.80, *et seq.*), and (6) violation of California's Unfair Competition Law (Cal. Civ. Code §§ 17200, *et seq.*), (7) violation of California's Confidentiality of Medical Information Act (Cal. Civ. Code §§56.10, *et seq.*), and (8) seeks declaratory and injunctive relief.  Plaintiff asks the Court to compel Defendant to adopt reasonable information security practices to secure the sensitive PII

---

[1] *See* Data Breach Letter
[2] https://securityaffairs.com/169972/data-breach/omni-family-health-disclosed-a-data-breach.html

and PHI that Defendant collects and stores in its databases and to grant such other relief as the Court deems just and proper.

## PARTIES

*Plaintiff*

7.     Plaintiff DeRay Mitchell is a resident and citizen of Bakersfield, California. He and his minor children used Defendant's services. Accordingly, he entrusted Defendant with sensitive PII and PHI for himself and his children. He received three data breach letters from defendant addressed to himself and his children. All three letters were dated October 10, 2024.

*Defendant*

8.     Defendant Omni Family Health is a California corporation with its principal place of business in Bakersfield, California.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction and diversity jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million, exclusive of interest and costs. The class contains more than 100 members (indeed, it contains hundreds of thousands of members), and many of these members have citizenship diverse from Defendant. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because all claims alleged herein form part of the case in controversy.

10.     The exercise of personal jurisdiction over Defendant is appropriate. Defendant's primary place of business is in this District, and it is incorporated in California.

11.     Venue is proper in this District under 28 U.S.C. §§ 1391(a)(2), 1391(b)(2), and 1391(c)(2) because Plaintiff resides in this district, Defendant conducts substantial business in the District, and Plaintiff was harmed within this District.

## FACTUAL ALLEGATIONS

**I.     Background:**

12.     Plaintiff and members of the Plaintiff Class are former or current patients who used Defendant's services.

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220

13.     In order to receive treatment, Plaintiff and his children, as well as members of the Plaintiff class, provided this non-exclusive list of sensitive PHI and PII as a prerequisite to obtaining healthcare services:

- Full name and mailing or personal address,

- State and/or Federal Identification

- Social Security Number

- Health insurance information including but not limited to carrier, policy number, and healthcare card (if applicable)

- Date of birth

- Medical information including but not limited to information about diagnosis and treatment, personal medical history, family medical history, mental health information, information related to STDs and treatment, medication information, and medical record number

- Information about physicians and related medical professionals who had been involved in previous or ongoing treatment of the patient,

- Residence and travel history

- Billing and claims information

- Banking information including routing and account numbers

- Medicare/Medicaid information including the Medicare patient identifier, Medicare Card, and Medicare Entitlement, Enrollment, and Premium Information

- Information on prescriptions taken including history of taking certain prescriptions.

- Diagnostic results and treatment information

- Information on family members including but not limited to emergency contact information and next of kin

- Personal email addresses and phone numbers

- Workers' comp and employment related information

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220

14.     The above information is extremely sensitive personal identifying information and personal health information (PII and PHI). This information is extremely valuable to criminals because it can be used to commit serious identity theft and medical identity theft crimes.

15.     Defendant understands the high value of this information. On its website ,defendant states it will "let [patients] know promptly if a breach occurs that may have compromised the privacy or security of [patient] information"

16.     The aggregate PII and PHI from Defendant's patients is extremely sensitive and is ideal for committing all manner of identity theft, fraud, and associated crimes. This combination of PII and PHI with significant other information—including information purchased from data brokers and social media websites, information on purchasing preferences, employment, and effective advertisements, and government records—is extremely personal and extremely valuable.

17.     As a condition of obtaining Defendant's services, class members entrusted Defendant with this information with the explicit and implicit understanding that the information would be kept secure and that reasonable measures would be taken to maintain and ensure their security, including notification in the event of a breach, commensurate with the value of the data.

## II.     The Breach

18.     At least as early as August 7, 2024, Omni became aware of a serious data breach and ransomware attack on its corporate network. This breach of more than 468,000 patients resulted in the exposure of substantial personally identifiable information and protected health information.

19.     The sensitivity and scope of the compromised information is extraordinary. The patient information which was compromised includes but is not limited to:

- Full name of the patient
- Address
- Date of Birth
- Full Social Security Number
- Health insurance plan information
- Medical information[1]

---

[1] Defendant did not specify in detail what breached "medical information" means.

20.     This information is extraordinarily sensitive and would be ideal for a criminal agent attempting to commit identity theft or similar crimes against innocent patients. However, no notifications were mailed to the impacted patients, for more than two months after the data breach had occurred.

21.     The fact that name, address, date of birth, Social Security number, health insurance information, and medical information were all stored in the same place and could be accessed for hundreds of thousands of patients suggests the existence of a fundamental security flaw and a failure to compartmentalize information and appropriately restrict access to only those with a "need to know."

### III.     Defendant's Privacy Representations

22.     Defendant Omni makes several privacy representations on its website. Specifically, in Defendant's "Notice of Privacy Practices" Defendant states it will "by law maintain the privacy and security of your protected health information." And it promises it "will let you know promptly if a breach occurs that may have compromised the privacy or security of your information."

23.     Despite Defendant's representations about its legal requirements to maintain the privacy and security of the protected health information and to promptly notify patients in the event of a breach, it did neither. Defendant appears to have been initially unaware that its systems were breached to begin with and only learned of the breach when patient data started appearing on the dark web. Defendant further delayed for more than two months before notifying patients. Defendant did not comply with reasonable cybersecurity standards that would have prevented, or heavily mitigated, the data breach.

### IV.     Defendant Failed to Comply with Reasonable Cybersecurity Standards

24.     At all times relevant to this Complaint, Defendant knew or should have known the significance and necessity of safeguarding patients' PII and PHI, and the foreseeable consequences of a data breach. Defendant knew or should have known that because it collected and maintained the PII and PHI for a significant number of patients, a significant number of patients would be harmed by a breach of its systems. Defendant further knew due to the nature of its business practices as fully delivering "comprehensive medical, dental, behavioral health, pharmacy, and more"

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220

services to patients, that a data breach could potentially result in the release of deeply personal, sensitive, and costly information about patients.[1]

25.     Because PII is so sensitive and cyberattacks have become a rising threat, the FTC has issued numerous guides for businesses holding sensitive PII and emphasized the importance of adequate data security practices. The FTC also stresses that appropriately safeguarding PII held by businesses should be factored into all business-related decision making. Defendant should have been very well-aware of the FTC standards for safeguarding this sensitive information.

26.     An FTC Publication titled "Protecting Personal Information: A Guide for Business" lays out fundamental data security principles and standard practices that businesses should implement to protect PII.[2] The guidelines highlight that businesses should (a) protect the personal patient information they collect and store; (b) properly dispose of personal information that is no longer needed; (c) encrypt information stored on its computer networks; (d) understand its network's vulnerabilities; and (e) implement policies to correct security problems.

27.     The FTC also recommends businesses use an intrusion detection system, monitor all incoming traffic to the networks for unusual activity, monitor for large amounts of data being transmitted from its systems, and have a response plan prepared in the event of a breach.

28.     The FTC also recommends that businesses limit access to sensitive PII, require complex passwords to be used on the networks, use industry-tested methods for security, monitor for suspicious activity on the network, and verify that third-party service providers have implemented reasonable security measures.

29.     Businesses that do not comply with the basic protection of sensitive PII are facing enforcement actions brought by the FTC. Failure to employ reasonable and appropriate measures to protect against unauthorized access to confidential consumer data is an unfair act or practice prohibited pursuant to Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45.

---

[1] https://omnifamilyhealth.org/about-us/
[2] https://www.ftc.gov/business-guidance/resources/protecting-personal-information-guide-business. (last accessed July 25, 2024)

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220

30.     Many states' unfair and deceptive trade practices statutes are similar to the FTC Act, and many states adopt the FTC's interpretations of what constitutes an unfair or deceptive trade practice.

31.     Defendant knew or should have known of its obligation to implement appropriate measures to protect its patients' PII but failed to comply with the FTC's basic guidelines and other industry best practices, including the minimum standards set by the National Institute of Standards and Technology Cybersecurity Framework Version 1.1.[1]

32.     Defendant's failure to employ reasonable measures to adequately safeguard against unauthorized access to PII constitutes an unfair act or practice as prohibited by Section 5 of the FTC Act, 15 U.S.C. § 45, as well as by state statutory analogs.

33.     Omni was also subject to HIPAA security, breach notification, and privacy standards.

34.     HIPAA circumscribes security, data privacy responsibilities, and breach-notification obligations designed to keep patients' medical information safe. HIPAA compliance provisions, commonly known as the Administrative Simplification Rules, establish standards for electronic transactions and code sets to maintain the privacy and security of protected information.[2]

35.     HIPAA provides specific privacy rules that require comprehensive administrative, physical, and technical safeguards to ensure the confidentiality, integrity, and security of PII and PHI is properly maintained.[3]

36.     Defendant are business associates covered by HIPAA (45 CFR §160.102) and as such are required to comply with the HIPAA Privacy Rule and Security Rule, 45 C.F.R Part 160 and Part 164, Subparts A and E ("Standards for Privacy of Individually Identifiable Health Information"), and the Security Standards for the Protection of Electronic Protected Health

---

[1] https://nvlpubs.nist.gov/nistpubs/cswp/nist.cswp.04162018.pdf. (last accessed July 25, 2024)
[2] HIPAA lists 18 types of information that qualify as PHI according to guidance from the department of Health and Human Services Office for Civil Rights, and includes *inter alia*: names, addresses, any dates including dates of birth, Social Security numbers, and medical record numbers.
[3] *See* 45 CFR §164.306 (security standards and general rules); 45 CFR §164.308 (administrative safeguards); 45 CFR §164.310 (physical safeguards); 45 CFR §164.312 (technical safeguards).

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220

Information ("Security Rule"), 45 CFR Part 160 and Part 164, Subparts A and C. They are also required to follow the Breach Notification Rule. 45 CFR Part 160 and Par 164, Subparts A and D.

37.     HIPAA requires Defendant to "reasonably protect" confidential data from "any intentional or unintentional use or disclosure" and to "have in place appropriate administrative, technical, and physical safeguards to protect the privacy of protected health information."[1] HIPAA requires covered entities' business associates to appropriately safeguard the protected health information they receive or create on behalf of covered entities.[2]

38.     The PII and PHI at issue in this case constitutes "protected health information" within the meaning of HIPAA.

39.     The HIPAA Security Rule "establishes national standards to protect individuals' electronic personal health information that is created, received, used, or maintained by a covered entity" or business associate.[3]

40.     Omni inadequately maintained its network security, platform, and software, rendering these easy prey for cybercriminals.

41.     Upon information and belief, Defendant was on notice that its inadequate data security created a heightened risk of exfiltration, compromise, and theft.

42.     Defendant's security failures include:

(a)     Failing to ensure the confidentiality and integrity of electronic PHI that it creates, receives, maintains and transmits in violation of 45 CFR §164.306(a)(1);

(b)     Failing to protect against any reasonably anticipated threats or hazards to the security or integrity of electronic PHI in violation of 45 CFR §164.306(a)(2);

(c)     Failing to protect against any reasonably anticipated uses or disclosures of electronic PHI that are not permitted under the privacy rules regarding individually identifiable health information in violation of 45 CFR §164.306(a)(3);

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220

---

[1] 45 CFR §164.530(c)(1).
[2] 45 CFR §§164.502(e), 164.504(e), 164.532(d)-(e).
[3] U.S. Dep't of Health & Human Services, The Security Rule, https://www.hhs.gov/hipaa/for-professionals/security/index.html (last accessed June 27, 2024).

1

2

(d)      Failing to ensure compliance with HIPAA security standards by Defendant's workforce in violation of 45 CFR §164.306(a)(4);

3

4

5

(e)      Failing to implement technical policies and procedures for electronic information systems that maintain electronic PHI to allow access only to those persons or software programs that have been granted access rights in violation of 45 CFR §164.312(a)(1);

6

7

(f)      Failing to implement policies and procedures to prevent, detect, contain and correct security violations in violation of 45 CFR §164.308(a)(1);

8

9

10

(g)      Failing to identify and respond to suspected or known security incidents and failing to mitigate, to the extent practicable, harmful effects of security incidents that are known to the covered entity in violation of 45 CFR §164.308(a)(6)(ii); and

11

12

13

(h)      Failing to effectively train all staff members on the policies and procedures with respect to PHI as necessary and appropriate for staff members to carry out their functions and to maintain security of PHI in violation of 45 CFR §164.308(a)(5).

14

15

43.      Simply put, the Data Breach resulted from Defendant's failures to comply with safeguards mandated by HIPAA regulations compounding upon each other.

16

17

18

19

20

21

22

23

24

25

26

44.      Defendant failed to use reasonable care in maintaining the privacy and security of Plaintiff's and Class Members' PII and PHI. If Defendant had implemented adequate security measures, cybercriminals could never have accessed the PII and PHI of Plaintiff and Class Members, and the Data Breach would have either been prevented in its entirety or have been much smaller in scope. For example, if Defendant had adequately segregated sensitive data, a patient's Social Security number and address would be in a different place from its medical records or insurance records. Likewise, a breach of a single system should not have allowed a bad actor to access and subsequently attempt to ransom this kind of sensitive information on hundreds of thousands of individuals. Under normal circumstances no individual should be able to download even a tiny fraction of that information from the patient database and adequate monitoring should have flagged and stopped the exfiltrated data much earlier.

27

28

45.      Personally Identifiable Information is of high value to criminals. Sensitive information can often be sold on the dark web, with personal information being sold at a price

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220

ranging from $40 to $200 and bank details with a price from $50 to $200.[1] The Data Breach exposed PII that is both valuable and highly coveted on underground markets because it can be used to commit identity theft and financial fraud. Identity thieves use such PII to, among other things, gain access to bank accounts, social media accounts, and credit cards.  Identity thieves can also use this PII to open new financial accounts, open new utility accounts, obtain medical treatment using victims' health insurance, file fraudulent tax returns, obtain government benefits, obtain government identification cards, or create "synthetic identities." Additionally, identity thieves often wait significant amounts of time—months or even years—to use the PII obtained in data breaches because victims often become less vigilant in monitoring their accounts as time passes, therefore making the PII easier to use without detection.

46.     Victims of data breaches are much more likely to become victims of identity fraud than those who have not. Data Breach victims who do experience identity theft often spend hundreds of hours fixing the damage caused by identity thieves.[2] Plaintiff and members of the class generally have spent hours on end and considerable time and stress in attempting to mitigate the present and future harms caused by the breach. The U.S. Department of Justice's Bureau of Justice Statistics has reported that, even if data thieves have not caused financial harm, data breach victims "reported spending an average of about 7 hours clearing up the issues."[3]

47.     The information compromised in the Data Breach—including names, addresses, dates of birth, dates of birth, Social Security numbers, health insurance plan information, and medical information—is much more valuable than the loss of credit card information in a retailer data breach. There, victims can simply close their credit and debit card accounts and potentially even rely on automatic fraud protection offered by their banks. Here, however, the information

---

[1] *Your personal data is for sale on the dark web. Here's how much it costs*, Digital Trends, Oct. 16, 2019, available at: https://www.digitaltrends.com/computing/personal-data-sold-on-the-dark-web-how-much-it-costs/  (last accessed July 25, 2024).

[2] https://www.marylandattorneygeneral.gov/ID%20Theft%20Documents/Identitytheft.pdf. (last accessed July 25, 2024)

[3] https://bjs.ojp.gov/content/pub/pdf/vit14.pdf. (last accessed July 25, 2024)

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220

compromised is much more difficult, if not impossible, for victims to re-secure after being stolen because it goes to the core of their identity.

48.     Data breaches involving medical records are not only incredibly costly, they can "also [be] more difficult to detect, taking almost twice as long as normal identity theft."[1] The FTC warns that a thief may use private medical information to, among other things, "see a doctor, get prescription drugs, buy medical devices, submit claims with your insurance provider, or get other medical care"[2] and that this may have far reaching consequences for a victim's ability to access medical care and use insurance benefits.

49.     Security standards for businesses storing PII and PHI commonly include, but are not limited to:

a.  Maintaining a secure firewall

b.  Monitoring for suspicious or unusual traffic on the website

c.  Looking for trends in user activity including for unknown or suspicious users

d.  Looking at server requests for PII

e.  Looking for server requests from VPNs and Tor exit notes

f.  Requiring multi-factor authentication before permitting new IP addresses to access user accounts and PII

g.  Structuring a system including design and control to limit user access as necessary including a user's access to the account data and PII of other users.

50.     Despite Defendant's repeated statements relating to its purported expertise and the adequacy of its security measures and compliance with state and federal law, the scale of the breach and the sensitivity of the data indicates Defendant did not use security measures commensurate to its obligations. No single individual should have ever been able to access all the breached information.

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220

---

[1] *See What to Know About Medical Identity Theft*, FEDERAL TRADE COMMISSION CONSUMER INFORMATION, https://www.consumer.ftc.gov/articles/what-know-about-medical-identity-theft (Last Accessed July 25, 2024).
[2] *Id*

51.     Defendant breached its duty to exercise reasonable care in protecting Plaintiff's and Class Members' PII and PHI by failing to implement and maintain adequate data security measures to safeguard Plaintiff's and Class Members' sensitive personal information, failing to encrypt or anonymize PII within its systems and networks, failing to monitor its systems and networks to promptly identify and thwart suspicious activity, failing to delete and purge PII and PHI no longer necessary for its provision of services to its clients, allowing unmonitored and unrestricted access to unsecured PII and PHI, and allowing (or failing to prevent) unauthorized access to, and exfiltration of, Plaintiff's and Class Members' confidential and private information. Additionally, Defendant breached its duty by utilizing outdated and ineffectual data security measures which deviated from standard industry best practices at the time of the Data Breach. Through these actions, Defendant also violated its duties under the FTC Act and HIPAA.

52.     Defendant failed to prevent the Data Breach. Had Defendant properly maintained and adequately protected its systems, servers, and networks, the Data Breach would not have occurred.

## V.     Plaintiff's and Class Members' Experiences

53.     To use Defendant's healthcare services, Plaintiff and class members provided sensitive PII and PHI including their full name, address, date of birth, social security number, medical records, insurance information, billing, banking, and credit card information, family medical history, and more. Although it is not clear if additional information was breached, at minimum the breached data included, as discussed above, patient full name, address, Social Security number, date of birth, health insurance plan information, and "medical information."

54.     Plaintiff has taken reasonable steps to maintain the confidentiality of his PII and PHI, as well as the PII and PHI of his children, and he relied upon Defendant's representations, experience, and sophistication to keep his information secure and confidential.

55.     On or about October 18, 2024 Plaintiff received a data breach notification from Defendant identifying not just that his own data was compromised, but that his children's information was also exposed. The breached information includes: patient full name, address,

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220

Social Security number, date of birth, health insurance plan information, and "medical information."

56.     As a result of the data breach, Plaintiff Mitchell was forced to take measures to mitigate the harm, including spending time monitoring credit and financial accounts, researching the Data Breach, and researching and taking steps to prevent and mitigate the likelihood of identity theft.

57.     As a result of the Data Breach, Plaintiff Mitchell and his children will be at continuous and ongoing risk of harm of fraud and identity theft, as well as the loss of the value of their personal information.

58.     All of Plaintiff's harms were experienced in the State of California.

59.     Plaintiff Mitchell and Class Members suffered harm which includes but is not limited to: (a) damages to and diminution in the value of his PII and PHI—property that Plaintiff and Class Members entrusted to Defendant as a condition of receiving its services; (b) loss and invasion of Plaintiff's and Class Members' privacy; and (c) injuries arising from the increased risk of fraud and identity theft, including the lost time and cost of taking reasonable identity theft protection measures, which will continue for years.

## CLASS ACTION ALLEGATIONS

60.     Plaintiff brings this action as a class action pursuant to Rules 23(a) and 23(b)(1)-(3) of the Federal Rules of Civil Procedure, on behalf of himself and a Nationwide Class defined as:

**All persons in the United States whose PII/PHI was compromised by the Data Breach of Omni's systems which purportedly occurred on August 7, 2024.**

61.     Within the Nationwide class there is one California Subclass defined as follows:

**All persons in the State of California whose PII and PHI was compromised by the Data Breach of Omni 's systems which purportedly occurred on August 7, 2024.**

62.     Excluded from the Nationwide Class and Subclass are governmental entities, Defendant, any entity in which Defendant have a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, coconspirators, successors, subsidiaries, and assigns. Also excluded from the Nationwide Class and Subclass are any judges, justices, or judicial officers presiding over this matter and the members of their immediate families and judicial staff.

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220

63.     This action is brought and may be properly maintained as a class action pursuant to Rule 23. This action satisfies the requirements of Rule 23, including numerosity, commonality, typicality, adequacy, predominance, and superiority.

64.     **Numerosity.** The Nationwide Class and Subclass is so numerous that the individual joinder of all members is impracticable. While the exact number of Nationwide Class and Subclass Members is currently unknown and can only be ascertained through appropriate discovery, Plaintiff, on information and belief, alleges that the Nationwide Class includes at least hundreds of thousands of individuals based on public reporting.

65.     **Commonality.** Common legal and factual questions exist that predominate over any questions affecting only individual Class Members. These common questions, which do not vary among Class Members and which may be determined without reference to any Class Member's individual circumstances, include, but are not limited to:

a.  Whether Defendant knew or should have known that its systems were vulnerable to unauthorized access;

b.  Whether Defendant failed to take adequate and reasonable measures to ensure that its data systems were protected;

c.  Whether Defendant failed to take available steps to prevent and stop the breach from happening or to mitigate the risk of a long-term breach;

d.  Whether Defendant unreasonably delayed in notifying patients of the Data Breach once the suspicious activity was detected.

e.  Whether Defendant owed a legal duty to Plaintiff and Class Members to protect its PII and PHI;

f.  Whether Defendant breached any duty to protect the personal information of Plaintiff and Class Members by failing to exercise due care in protecting their PII and PHI;

g.  Whether Plaintiff and Class Members are entitled to actual, statutory, or other forms of damages and other monetary relief; and,

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220

h.  Whether Plaintiff and Class Members are entitled to equitable relief, including injunctive relief or restitution.

66.  **Typicality.** Plaintiff's claims are typical of other Nationwide Class and Subclass Members' claims because Plaintiff and Class Members were subjected to the same allegedly unlawful conduct and damaged in the same way.

67.  **Adequacy of Representation.** Plaintiff is an adequate class representative because he is a Nationwide Class and Subclass Member, and his interests do not conflict with the Class interests. Plaintiff retained counsel who are competent and experienced in class action and data breach litigation. Plaintiff and his counsel intend to prosecute this action vigorously for the Class's benefit and will fairly and adequately protect their interests.

68.  **Predominance and Superiority.** The Nationwide Class and Subclass can be properly maintained because the above common questions of law and fact predominate over any questions affecting individual Class Members. A class action is also superior to other available methods for the fair and efficient adjudication of this litigation because individual litigation of each Class member's claim is impracticable. Even if each Class member could afford individual litigation, the court system could not. It would be unduly burdensome if thousands of individual cases proceed. Individual litigation also presents the potential for inconsistent or contradictory judgments, the prospect of a race to the courthouse, and the risk of an inequitable allocation of recovery among those with equally meritorious claims. Individual litigation would increase the expense and delay to all parties and the courts because it requires individual resolution of common legal and factual questions. By contrast, the class-action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

69.  **Declaratory and Injunctive Relief.** The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendant. Such individual actions would create a risk of adjudications that would be dispositive of the interests of other Class Members and impair their interests. Defendant have acted and/or refused to act on

Schubert Jonckheer & Kolbe LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220

grounds generally applicable to the Class, making final injunctive relief or corresponding declaratory relief appropriate.

## CLAIMS FOR RELIEF

**Count 1**
**Negligence**
**On behalf of Plaintiff and the Nationwide Class**

70.     Plaintiff incorporates by reference and realleges each allegation above as though fully set forth herein.

71.     Plaintiff and Class Members entrusted their PII and PHI with Defendant as a precondition for receiving medical services.

72.     Plaintiff and Class Members entrusted their PII and PHI to Defendant with the understanding that Defendant would safeguard their PII and PHI.

73.     Defendant did not take reasonable and appropriate safeguards to protect Plaintiff and Class Members' PII and PHI.

74.     Defendant had full knowledge of the sensitivity of the PII and PHI that they stored and the types of harm that Plaintiff and Class Members could and would suffer if that PII and PHI were wrongfully disclosed.

75.     Defendant promised to take measures to implement and maintain reasonable security procedures and practices.

76.     Defendant violated its duty to implement and maintain reasonable security procedures and practices. That duty includes, among other things, designing, maintaining, and testing Defendant's information security controls sufficiently rigorously to ensure that PII and PHI in its possession was adequately secured by, for example, encrypting sensitive personal information, installing effective intrusion detection systems and monitoring mechanisms, using access controls to limit access to sensitive data, regularly testing for security weaknesses and failures, failing to notify patients of the specific breached data in a timely manner, and failing to remedy the continuing harm by unreasonably delaying notifying specific victims who were harmed.

77.     Defendant's duty of care arose from, among other things,

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220

Class Action Complaint                                                                17

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220

a. Defendant's exclusive ability (and Class Members' inability) to ensure that its systems were sufficient to protect against the foreseeable risk that a data breach could occur;

b. Section 5 of the FTC Act, 15 U.S.C. § 45, which prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, failing to adopt reasonable data security measures;

c. Defendant's duty to comply with HIPAA including by implementing reasonable security practices and practices in compliance with the HIPAA Security Rule.

d. Defendant's common law duties to adopt reasonable data security measures to protect patients' PII and PHI and to act as a reasonable and prudent person under the same or similar circumstances would act.

78.     Defendant's violation of the FTC Act constitutes negligence per se for purposes of establishing the duty and breach elements of Plaintiff's negligence claim. Those statutes were designed to protect a group to which Plaintiff belong and to prevent the types of harm that resulted from the Data Breach.

79.     Defendant had the financial and personnel resources necessary to prevent the Data Breach. Defendant advertises on its website that it operates "a growing network of state-of-the-art health centers located throughout Kern, Kings, Tulare, and Fresno counties."[1]    Defendant nevertheless failed to adopt reasonable data security measures, in breach of the duties they owed to Plaintiff and Class Members.

80.     Plaintiff and Class Members were the foreseeable victims of Defendant's inadequate data security. Defendant knew that a breach of its systems could and would cause harm to Plaintiff and Class Members.

81.     Defendant's conduct created a foreseeable risk of harm to Plaintiff and Class Members. Defendant's conduct included its failure to adequately mitigate harm through negligently failing to inform victims of the breach for more than two months after the purported first discovery of the breach.

---

[1] https://omnifamilyhealth.org/about-us/

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220

82.    Defendant knew or should have known of the inherent risks in collecting and storing massive amounts of PII and PHI, the importance of providing adequate data security for that PII and PHI, and the frequent cyberattacks within the medical industry.

83.    Defendant, through its actions and inactions, breached its duty owed to Plaintiff and Class Members by failing to exercise reasonable care in safeguarding its PII and PHI while it was in its possession and control. Defendant breached its duty by, among other things, its failure to adopt reasonable data security practices and its failure to adopt reasonable security and notification practices, including monitoring internal systems and sending notifications to affected victims. Defendant failed to timely notice Plaintiff and Class Members of suspicious activities and failed to implement sufficiently stringent security measures.

84.    Defendant inadequately safeguarded patients' PII and PHI in breach of standard industry rules, regulations, and best practices at the time of the Data Breach.

85.    But for Defendant's breach of its duty to adequately protect Class Members' PII and PHI, Class Members' PII and PHI would not have been stolen.

86.    There is a temporal and close causal connection between Defendant's failure to implement adequate data security measures and notification practices, the Data Breach, and the harms suffered by Plaintiff and Class Members.

87.    As a result of Defendant's negligence, Plaintiff and Class Members suffered and will continue to suffer the damages alleged herein.

88.    Plaintiff and Class Members are entitled to all forms of monetary compensation set forth herein, including monetary payments to provide adequate identity protection services. Plaintiff and Class Members are also entitled to the injunctive relief sought herein.

**Count 2**
**Breach of Implied Contract**
**On behalf of Plaintiff and the Nationwide Class**

89.    Plaintiff repeats and realleges each and every fact, matter, and allegation set forth above and incorporates them by reference as though set forth in full.

Class Action Complaint                                                                19

90.     Plaintiff and Class Members entered into an implied contract with Defendant when they entrusted Defendant with their PHI and PII as a precondition for receiving healthcare services.

91.     As part of these transactions, Defendant agreed to safeguard and protect the PII and PHI of Plaintiff and Class Members and to timely and accurately notify them if their PII or PHI was breached or compromised.

92.     Plaintiff and Class Members entered into implied contracts with the reasonable expectation that Defendant's data security practices and policies were reasonable and consistent with legal requirements and industry standards.

93.     Plaintiff and Class Members would not have provided and entrusted their PII and PHI to Defendant in the absence of the implied contract or implied terms between them. The safeguarding of the PII and PHI of Plaintiff and Class Members was critical to realize the intent of the parties.

94.     Plaintiff and Class members fully performed their obligations under the implied contracts with Defendant.

95.     Defendant breached its implied contracts with Plaintiff and Class Members to protect their PII and PHI when they (1) failed to take reasonable steps to use safe and secure systems to protect that information; (2) disclosed that information to unauthorized third parties and; (3) failed to notify Plaintiff and Class Members of the specific data breached a reasonably timely manner.

96.     As a direct and proximate result of Defendant's breach of implied contract, Plaintiff and Class Members have been injured and are entitled to damages in an amount to be proven at trial. Such injuries include ongoing, imminent, certainly impending threat of identity theft crimes, medical identity theft crimes, fraud, and other misuse, resulting in monetary loss and economic harm; actual identity theft crimes, fraud, and other misuse, resulting in monetary loss and economic harm; loss of the value of their privacy and the confidentiality of the stolen PII; illegal sale of the compromised PII on the black market; mitigation expenses and time spent on credit monitoring, identity theft insurance, and credit freezes and unfreezes; time spent in response to the Data Breach reviewing bank statements, credit card statements, and credit reports, among other related activities;

expenses and time spent initiating fraud alerts; decreased credit scores and ratings; lost work time; lost value of their PII and PHI; the amount of the actuarial present value of ongoing high-quality identity defense and credit monitoring services made necessary as mitigation measures because of the Defendant's Data Breach; lost benefit of their bargains and overcharges for services or products; loss of access to medical services and treatment; nominal and general damages; and other economic and non-economic harm.

97.     As a direct and proximate result of the breach, Plaintiff is entitled to relief as set forth herein.

**Count 3**
**Breach of Fiduciary Duty**
**On behalf of Plaintiff and the Nationwide Class**

98.     Plaintiff repeats and realleges each and every fact, matter, and allegation set forth above and incorporates them by reference as though set forth in full.

99.     A relationship existed between Defendant and the Class wherein Plaintiff and the Class entrusted Defendant with protecting their PII and PHI. Defendant accepted this trust when they accepted the information from Plaintiffs and the class.

100.    When Defendant accepted and became guardian of Class Members' personal information, it undertook a fiduciary responsibility to act in the interests of class members with respect to Class Members' PII and PHI. Defendant agreed to safeguard and protect the PII and PHI of Plaintiff and Class Members and to timely and accurately notify them if their PII or PHI was breached or compromised.

101.    Defendant breached the fiduciary duties that they owed to Plaintiff and the Class by failing to act with the utmost good faith, fairness, and honesty and failing to act with the highest and finest loyalty.

102.    Defendant breached its fiduciary duties by failing to diligently discover, investigate, and give notice of the Data Breach in a reasonable period.

103.    Defendant breached its fiduciary duties to Plaintiff and Class Members by failing to implement reasonable data security practices and policies consistent with legal requirements and industry standards including by failing to encrypt or protect the sufficiency of its systems.

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220

104.     Defendant breached its fiduciary duties by failing adequately secure its sensitive data systems, failing to timely notify Plaintiff and the Class about the data breach, and otherwise failing to safeguard Class Members' PII and PHI.

105.     But for Defendant's breach of fiduciary duties, Plaintiff and class members would not have suffered injured or would have suffered less harm. These injuries include ongoing, imminent, certainly impending threat of identity theft crimes, medical identity theft crimes, fraud, and other misuse, resulting in monetary loss and economic harm; actual identity theft crimes, fraud, and other misuse, resulting in monetary loss and economic harm; loss of the value of their privacy and the confidentiality of the stolen PII; illegal sale of the compromised PII on the black market; mitigation expenses and time spent on credit monitoring, identity theft insurance, and credit freezes and unfreezes; time spent in response to the Data Breach reviewing bank statements, credit card statements, and credit reports, among other related activities; expenses and time spent initiating fraud alerts; decreased credit scores and ratings; lost work time; lost value of their PII and PHI; the amount of the actuarial present value of ongoing high-quality identity defense and credit monitoring services made necessary as mitigation measures because of the Defendant's Data Breach; lost benefit of their bargains and overcharges for services or products; loss of access to medical services and treatment; nominal and general damages; and other economic and non-economic harm.

106.     As a direct and proximate result of Defendant's breach of its fiduciary duties, Plaintiff and Class members suffered and continue to suffer the injuries alleged above and other forms of injuries.

107.     As a direct and proximate result of Defendant's breach of fiduciary duty, Plaintiff and the Class are entitled to and demand actual, consequential, and nominal damages and injunctive relief, to be determined at trial.

**Count 4**
**Invasion of Privacy**
**On behalf of Plaintiff and the Nationwide Class**

108.     Plaintiff, individually and on behalf of the Class, incorporates by references each of the factual allegations contained in the preceding paragraphs as if fully set forth herein.

109.    Plaintiff and Class Members have a legally protected privacy interest in their PII and PHI, which is and was collected, stored, and maintained by Defendant, and they are entitled to the reasonable and adequate protection of their PII and PHI against foreseeable unauthorized access, as occurred with the Data Breach.

110.    Plaintiff and Class Members reasonably expected that Defendant would protect and secure their PII from unauthorized parties and that their private information would not be accessed, exfiltrated, and disclosed to any unauthorized parties or for any improper purpose.

111.    Defendant unlawfully invaded the privacy rights of Plaintiff and Class Members by engaging in the conduct described above, including by failing to protect their PII and PHI by permitting unauthorized third parties to access, exfiltrate, and view this private information. Likewise, Defendant further invaded the privacy rights of Plaintiff and Class Members, and permitted cybercriminals to invade the privacy rights of Plaintiff and Class Members, by unreasonably delaying disclosure of the Data Breach and failing to properly identify what PII and PHI had been accessed, exfiltrated, and viewed by unauthorized third-parties.

112.    This invasion of privacy resulted from Defendant's failure to properly secure and maintain Plaintiff's and the Members' PII and PHI, leading to the foreseeable unauthorized access, exfiltration, and disclosure of this unencrypted data.

113.    Plaintiff's and the Class Members' PII and PHI is the type of sensitive, personal information that one normally expects will be protected from exposure by the entity charged with safeguarding it. Further, the public has no legitimate concern in Plaintiff's and the Class Members' PII and PHI, and such private information is otherwise protected from exposure to the public by various statutes, regulations, and other laws.

114.    The disclosure of Plaintiff's and the Class Members' PII and PHI to unauthorized parties is substantial and unreasonable enough to be legally cognizable and is highly offensive to a reasonable person.

115.    Defendant's willful and reckless conduct which permitted unauthorized access, exfiltration and disclosure of Plaintiff's and the Class Members' sensitive PII and PHI is such that

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220

it would cause serious mental injury, shame, embarrassment, or humiliation to people of ordinary sensibilities.

116.    The unauthorized access, exfiltration, and disclosure of Plaintiff's and the Class Members' PII and PHI was without their consent, and in violation of various statutes, regulations, and other laws.

117.    As a result of the invasion of privacy caused by Defendant, Plaintiff and the Class Members suffered and will continue to suffer damages and injury as set forth herein.

118.    Plaintiff and the Class Members seek all monetary and non-monetary relief allowed by law, including damages, punitive damages, restitution, injunctive relief, reasonable attorneys' fees and costs, and any other relief that is just and proper.

### Count 5
### California Customer Records Act, Cal. Civ. Code §§ 1798.80 *et seq.*
### On behalf of Plaintiff and the California Subclass Class

119.    Plaintiff, individually and on behalf of the Subclass, incorporates by reference each of the factual allegations contained in the preceding paragraphs as if fully set forth herein.

120.    "[T]o ensure that personal information about California residents is protected," the California legislature enacted Cal. Civ. Code § 1798.81.5, which requires that any business that "owns, licenses, or maintains personal information about a California resident shall implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure."

121.    Defendant is a business that owns, maintains, or licenses personal information, within the meaning of Cal. Civ. Code § 1798.81.5, about Plaintiff and California Subclass members.

122.    Defendant violated Cal. Civ. Code § 1798.81.5 by failing to implement reasonable measures to protect California Subclass members' PII and PHI.

123.    Businesses that own or license computerized data that includes personal information are required to notify California residents when their PII and PHI has been acquired (or has reasonably believed to have been acquired) by unauthorized persons in a data security breach "in

---

the most expedient time possible and without unreasonable delay." Cal. Civ. Code § 1798.82. Among other requirements, the security breach notification must include "the types of personal information that were or are reasonably believed to have been the subject of the breach." Cal. Civ. Code § 1798.82.

124.    Defendants is a business that owns or licenses computerized data that includes personal information as defined by Cal. Civ. Code § 1798.82.

125.    Plaintiff and California Subclass Members' PII and PHI includes personal information identified in Cal. Civ. Code § 1798.82(h) such as their names, Social Security numbers, address and date of birth, and medical insurance and other medical information, and is thereby covered by Cal. Civ. Code § 1798.82.

126.    Plaintiff and the California Subclass Members are "customers" within the meaning of Cal. Civ. Code § 1798.80(c), as their personal information was provided to Defendant for the purpose of utilizing Defendant's healthcare services or products.

127.    The Data Breach constituted a breach of Defendant's security systems, networks, and servers.

128.    Because Defendant reasonably believed that Plaintiff and California Subclass Members' PII and PHI was acquired by unauthorized persons during the Data Breach, Defendant had an obligation to disclose the data breach in a timely and accurate fashion as mandated by Cal. Civ. Code § 1798.82.

129.    Defendant unreasonably delayed informing Plaintiff and the California Subclass Members about the breach of security of their PII and PHI after they knew the breach had occurred. Specifically, Defendant knew about the data breach as early as August 7, 2024, but it failed to notify Plaintiff or Subclass Members for more than two months.

130.    Upon information and belief, no law enforcement agency instructed Defendant that notification to California Subclass Members would impede an investigation.

131.    Thus, by failing to disclose the Data Breach in a timely and accurate manner, the Defendant also violated Cal. Civ. Code § 1798.82.

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220

132.     Pursuant to Cal. Civ. Code § 1798.84, "[a]ny waiver of a provision of this title is contrary to public policy and is void and unenforceable," "[a]ny customer injured by a violation of this title may institute a civil action to recover damages," and "[a]ny business that violates, proposed to violate, or has violated this title may be enjoined."

133.     As a direct and proximate result of Defendant's violations of Cal. Civ. Code §§ 1798.81.5 and 1798.82, Plaintiff and California Subclass Members were (and continue to be) injured and suffered (and will continue to suffer) damages, as described above.

134.     Plaintiff and California Subclass Members seek relief under Cal. Civ. Code § 1798.84, including, but not limited to, actual damages, any applicable statutory damages, and equitable and injunctive relief.

**Count 6**
**California Unfair Competition Law, CAL. BUS. & PROF. CODE §§ 17200, *et seq.***
**On behalf of Plaintiff and the California Subclass Class**

135.     Plaintiff, individually and on behalf of the Subclass, incorporates by reference each of the factual allegations contained in the preceding paragraphs as if fully set forth herein.

136.     Plaintiff pleads this claim for equitable relief, including restitution and injunctive relief, in the alternative to his claims for damages.

137.     Defendant violated California's Unfair Competition Law (the "UCL"), CAL. BUS. & PROF. CODE §§ 17200 *et seq.*, by engaging in unlawful, unfair, or fraudulent business acts and practices that constitute acts of "unfair competition" as defined in the UCL with respect to its conduct and actions with towards Plaintiff and the California Subclass.

138.     Defendant's actions as alleged herein in this Class Action Complaint constitute an "unlawful" practice as encompassed by CAL. BUS. & PROF. CODE §§ 17200 *et seq.* because Defendant's actions: (a) violated the California Consumer Records Act, CAL. CIV. CODE §§ 1798.80 *et seq.*, (b) violated the CCPA, CAL. CIV. CODE §§ 1798.100 *et seq.*, (c) constituted negligence; and (d) violated federal law and regulations, including the FTC Act and HIPAA.

139.     Defendant's actions as alleged in this Class Action Complaint also constitute an "unfair" practice as encompassed by CAL. BUS. & PROF. CODE §§ 17200 *et seq.*, because they offend established public policy and are immoral, unethical, oppressive, unscrupulous, and

substantially injurious. The harm caused by Defendant's wrongful conduct outweighs any utility of such conduct and has caused—and will continue to cause—substantial injury to the California Subclass, including Plaintiff Mitchell. There were ample reasonably available alternatives that would have furthered Defendant's legitimate business practices, including using industry-standard technologies to protect data (e.g., two-factor authorization, effective encryption and anonymization, compartmentalization of sensitive data, software patches, limiting how much data any user may access, and the purging of data no longer necessary for Defendant's services). Defendant also unreasonably delayed in notifying Plaintiff and the California Subclass Members regarding the unauthorized release and disclosure of their PII and PHI. Additionally, Defendant's conduct was "unfair" because it violated the legislatively declared policies reflected by California's strong data-breach and online-privacy laws, including the California Consumer Records Act, Cal. Civ. Code §§ 1798.80, *et seq.*, the CCPA, Cal. Civ. Code §§ 1798.100, *et seq.*, and the California constitutional right to privacy, CAL. CONST. ART. 1, § 1.

140.    As a result of Defendant's unlawful and unfair conduct, Plaintiff and the California Subclass were damaged and injured by the significant costs of protecting themselves from identity theft and face ongoing and impending damages related to theft of their PII and PHI.

141.    Defendant's wrongful practices constitute a continuing course of unfair competition because, on information and belief, Defendant has failed to remedy the lax security practices or even fully notify all affected California persons. Plaintiff and the California Subclass seek equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 to end Defendant's wrongful practices and require Defendant to maintain adequate and reasonable security measures to protect the PII and PHI of Plaintiff and the California Subclass.

142.    Plaintiff and California Subclass Members lack an adequate remedy at law because the injuries here include an imminent risk of identity theft and fraud that can never be fully remedied through damages, ongoing identity theft and fraud, as well as long term incalculable risk associated with medical fraud.

143.    Further, if an injunction is not issued, Plaintiff and California Subclass Members will suffer irreparable injury. The risk of another such breach is real, immediate, and substantial.

1    Defendant has still not provided adequate information on the cause and scope of the Data Breach.

2    Plaintiff and California Subclass Members lack an adequate remedy at law that will reasonably

3    protect against the risk of a further breach. Indeed, it is unclear whether Defendant itself knows

4    precisely how it was breached given it purportedly only learned of the breach once customer data

5    started showing up on the dark web.

6        144.    Plaintiff and the California Subclass also seek an order requiring Defendant to make

7    full restitution of all monies it received through its wrongful conduct, along with all other relief

8    permitted under Cal. Bus. & Prof. Code §§ 17200 *et seq.*

**Count 7**
**California Confidentiality of Medical Information Act, Cal. Civ. Code §§56.10, *et seq.*
On Behalf of Plaintiff and the California Subclass**

11       145.    Plaintiff, individually and on behalf of the Subclass, incorporates by reference each

12   of the factual allegations contained in the preceding paragraphs as if fully set forth herein.

13       146.    At all relevant times, Defendant was a healthcare provider for the purposes of this

14   cause of action within the meaning of Cal. Civ. Code §56.06(a) because it is both a "business

15   organized for the purpose of maintaining medical information in order to make the information

16   available to an individual or to a provider of health care at the request of the individual or a

17   provider of health care, for purposes of allowing the individual to manage the individual's

18   information, or for the diagnosis and treatment of the individual."

19       147.    Defendant maintained "medical information" as defined by Cal. Civ. Code §56.05

20   because Defendant maintained and held possession of "individually identifiable information, in

21   electronic or physical form, in possession of or derived from a provider of health care, health care

22   service plan, pharmaceutical company, or contractor regarding a patient's medical history, mental

23   health application information, reproductive or sexual health application information, mental or

24   physical condition, or treatment."

25       148.    Plaintiff and California Subclass Members are patients for purposes of this cause of

26   action, as defined in Civil Code § 56.05(k).

27       149.    Plaintiff and California Subclass Members provided their PII and PHI to Defendant.

28

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220

150.     At all relevant times, Defendant collected, stored, managed, and transmitted Plaintiff's and California Subclass Members' personal medical information.

151.     Section 56.10(a) of the California Civil Code provides that "[a] provider of health care, health care service plan, or contractor shall not disclose medical information regarding a patient of the provider of health care or an enrollee or subscriber of a health care service plan without first obtaining an authorization."

152.      As a result of the Data Breach, Defendant misused, disclosed, and/or allowed third parties to access and view Plaintiff's and California Subclass Members' personal medical information without their written authorization compliant with the provisions of Civil Code §§ 56, *et seq.*

153.     As a further result of the Data Breach, the confidential nature of the Plaintiff's and California Subclass Members' medical information was breached as a result of Defendant's negligence. Specifically, Defendant knowingly allowed and affirmatively acted in a manner that actually allowed unauthorized parties to access, view, and use Plaintiff's and California Subclass Members' PHI.

154.     Defendant's misuse and/or disclosure of medical information regarding the Plaintiff and California Subclass Members constitutes a violation of Civil Code §§ 56.10, 56.11, 56.13, and 56.26.

155.     As a direct and proximate result of Defendant's wrongful actions, inaction, omissions, and want of ordinary care, Plaintiff's and California Subclass Members' personal medical information was disclosed without written authorization.

156.     By disclosing Plaintiff's and California Subclass Members' PII and PHI without their written authorization, Defendant violated California Civil Code § 56, *et seq.*, and its legal duties to protect the confidentiality of such information.

157.     Defendant also violated Sections 56.06 and 56.101 of the California CMIA, which prohibit the negligent creation, maintenance, preservation, storage, abandonment, destruction, or disposal of confidential personal medical information.

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220

158.    As a direct and proximate result of Defendant's wrongful actions, inaction, omissions, and want of ordinary care that directly and proximately caused the Data Breach, Plaintiff's and California Subclass Members' personal medical information was viewed by, released to, and disclosed to third parties without Plaintiff's and California Subclass Members' written authorization.

159.    As a direct and proximate result of Defendant's above-described wrongful actions, inaction, omissions, and want of ordinary care that directly and proximately caused the Data Breach and its violations of the CMIA, Plaintiff and California Subclass Members are entitled to (i) actual damages, (ii) nominal damages of $1,000 per Plaintiffs and California Subclass Member under California Civil Code § 56.36(b)(1), (iii) punitive damages of up to $3,000 per Plaintiff and California Subclass Member, and (iv) attorneys' fees, litigation expenses and court costs under California Civil Code § 56.35.

**Count 8**
**Injunctive/Declaratory Relief**
**On behalf of Plaintiff and the Nationwide Class**

160.    Plaintiff, individually and on behalf of the Class, incorporates by reference each of the factual allegations contained in the preceding paragraphs as if fully set forth herein.

161.    Under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, this Court is authorized to enter a judgment declaring the rights and legal relations of the parties and to grant further necessary relief. Furthermore, the Court has broad authority to restrain acts that are tortious and violate the terms of the federal and state statutes described herein.

162.    Defendant owes a duty of care to Plaintiff and Class Members, which required Defendant to adequately monitor and safeguard Plaintiff's and Class Members' PII and PHI.

163.    Defendant and its officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns still possess the PII and PHI belonging to Plaintiff and Class Members.

164.    An actual controversy has arisen in the wake of the Data Breach regarding Plaintiff's and Class Members' PII and PHI and whether Defendant is currently maintaining data

security measures adequate to protect Plaintiff and Class Members from further data breaches that compromise their PII and PHI. Plaintiff alleges that Defendant's data security measures remain inadequate. Furthermore, Plaintiff and the Class continue to suffer injury as a result of the exposure of their PII and PHI and the risk remains that further compromises of their private information will occur in the future.

165.     Under its authority pursuant to the Declaratory Judgment Act, this Court should enter a judgment declaring, among other things, the following:

a.     Defendant owes a legal duty to secure the PII and PHI of Plaintiff and the Class within its care, custody, and control under the common law, Section 5 of FTC Act, and HIPAA;

b.     Defendant breached its duty to Plaintiff and the Class by allowing the Data Breach to occur;

c.     Defendant's existing data monitoring measures do not comply with its obligations and duties of care to provide reasonable security procedures and practices that are appropriate to protect the PII and PHI of Plaintiff and the Class within Defendant's custody, care, and control; and

d.     Defendant's ongoing breaches of said duties continue to cause harm to Plaintiff and the Class.

166.     This Court should also issue corresponding prospective injunctive relief requiring Defendant to employ adequate security protocols consistent with industry standards to protect the PII and PHI of Plaintiff and the Class within its custody, care, and control, including the following:

a.     Order Defendant to provide lifetime credit monitoring and identity theft insurance to Plaintiff and Class Members.

b.     Order that, to comply with Defendant's obligations and duties of care, Defendant must implement and maintain reasonable security and monitoring measures, including, but not limited to:

i.     Engaging third-party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220

audits on Defendant's systems, networks, and servers on a periodic basis, and ordering Defendant to promptly correct any problems or issues detected by such third-party security auditors;

   ii.   Encrypting and anonymizing the existing PII and PHI within its servers, networks, and systems to the extent practicable, and purging all such information which is no longer reasonably necessary for Defendant to provide adequate services;

   iii.   Engaging third-party security auditors and internal personnel to run automated security monitoring;

   iv.   Auditing, testing, and training its security personnel regarding any new or modified procedures;

   v.   Segmenting its user applications by, among other things, creating firewalls and access controls so that if one area is compromised, hackers cannot gain access to other portions of Defendant's systems, networks, and servers;

   vi.   Conducting regular database scanning and security checks; and

   vii.   Routinely and continually conducting internal training and education to inform Defendant's internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach.

167.   If an injunction is not issued, Plaintiff and the Class will suffer irreparable injury and will lack an adequate legal remedy to prevent another data breach or cybersecurity incident. This risk is real, immediate, and substantial. If another data breach or cybersecurity incident occurs, Plaintiff and the Class will not have an adequate remedy at law because monetary relief alone will not compensate Plaintiff and the Class for the serious risks of future harm.

168.   The hardship to Plaintiff and the Class if an injunction does not issue exceeds the hardship to Defendant if an injunction is issued. Plaintiff and the Class will likely be subjected to substantial, continued identity theft and other related damages and or additional data breaches and exposure if an injunction is not issued. On the other hand, the cost of Defendant's compliance with an injunction requiring reasonable prospective data security measures is relatively minimal, and Defendant has a preexisting legal obligation to employ such measures.

169.    Issuance of the requested injunction will not disserve the public interest. To the contrary, such an injunction would benefit the public by preventing a subsequent or larger data breach or cybersecurity incident, thus preventing future injury to Plaintiff and the Class and other persons whose PII and PHI would be further compromised.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of themselves and the Class set forth herein, respectfully request the following relief:

A.      That the Court certify this action as a class action and appoint Plaintiff and their counsel to represent the Class;

B.      That the Court grant permanent injunctive relief to prohibit Defendant from continuing to engage in the unlawful acts, omissions, and practices described herein and directing Defendant to adequately safeguard the PII and PHI of Plaintiff and the Class by implementing improved security controls;

C.      That the Court award compensatory, consequential, and general damages, including nominal damages as appropriate, as allowed by law in an amount to be determined at trial;

D.      That the Court award statutory or punitive damages as allowed by law in an amount to be determined at trial;

E.      That the Court order disgorgement and restitution of all earnings, profits, compensation, and benefits received by Defendant as a result of Defendant's unlawful acts, omissions, and practices;

F.      That the Court award to Plaintiff and Class Members the costs and disbursements of the action, along with reasonable attorneys' fees, costs, and expenses; and

G.      That the Court award pre- and post-judgment interest at the maximum legal rate and all such other relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims so triable.

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220

Dated: November 12, 2024          /s/ Amber L. Schubert

                                  Amber L. Schubert (No. 278696)
                                  **SCHUBERT JONCKHEER & KOLBE LLP**
                                  2001 Union St, Ste 200
                                  San Francisco, CA 94123
                                  Tel: (415) 788-4220
                                  Fax: (415) 788-0161
                                  aschubert@sjk.law

                                  *Attorneys for Plaintiff and the Proposed Classes*